**No. 51079.**—Protests 54640–K, etc., of Bainbridge, Kimpton & Haput, Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

BEFORE THE THIRD DIVISION, MAY 2, 1946

**No. 51080.**—Petitions 6531–R, etc., of G. R. Kirk Co. (Ogdensburg and Buffalo).

Opinion by KEEFE, J. At the trial it was established that a disagreement arose between the petitioner and the appraisers as to the value of the merchandise. Test cases involving several importations were agreed upon and an investigation was instituted by the Government. The petitioner freely cooperated with the Government officials in showing its records and giving them any information desired. After the completion of the investigation, a compromise based on the customs agent's findings' was agreed upon which resulted in higher values for some of the trees and lower values for others. It was held that the petitioner in making entry was without any intention to defraud the revenue of the United States or to conceal or to misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petitions were therefore granted.

BEFORE THE SECOND DIVISION, MAY 3, 1946

**No. 51081.**—Protests 117908–K, etc., of Allied Mat and Matting Co. et al. (New York).

Opinion by KINCHELOE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.